IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTRESS FIRM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4-16-cv-2264 |
| | § | |
| JOHN ROBERT BAXTER | § | |
| and DIGI CRAFT AGENCY, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mattress Firm, Inc. ("Mattress Firm"), by and through its undersigned counsel, seeks injunctive and monetary relief from Defendants John Robert Baxter ("Baxter") and Digi Craft Agency, LLC ("Digi Craft") (collectively, "Defendants"), and respectfully states:

### NATURE OF ACTION

1.      This is an action for trademark infringement under the Lanham Act, for common law trademark infringement, for false designation of origin under the Lanham Act, for trademark counterfeiting under the Lanham Act, and for unfair competition. By this action, Mattress Firm seeks injunctive and monetary relief from Defendants, as set forth herein.

## THE PARTIES

2.      Mattress Firm is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Houston, Texas.

3.      On information and belief, Baxter is an individual residing at 1844 West Fairbanks Avenue, Winter Park, FL 32789.

4.      On information and belief, Digi Craft is a dissolved limited liability company, previously organized and existed under the laws of the State of Florida with a principle place of business at 509 S. Chickasaw Trail, Suite 169, Orlando, FL 32825.

## JURISDICTION AND VENUE

5.      This action arises under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125, and under state law.

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over Baxter.  On information and belief, Baxter conducts business in this district, he has committed acts of trademark infringement and false designation of origin in this district and throughout the United States, and he has committed acts of unfair competition in this state.

8.     This Court has personal jurisdiction over Digi Craft.  On information and belief, Digi Craft conducted business in this district, has committed acts of trademark infringement and false designation of origin in this district and throughout the United States, and has committed acts of unfair competition in this state.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Baxter and Digi Craft conducted, and conduct, business in this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

10.     Mattress Firm is a chain store with over 2,000 locations nationwide.

11.     Since at least 1994, Mattress Firm has used the trademark HAMPTON & RHODES (U.S. Registration No. 3,090,339) within the United States in connection with the sale of mattresses, box springs, and pillows.

12.     Since at least 2011, Mattress Firm has used the trademark SLEEP HAPPY (U.S. Registration No. 4,822,389) within the United States in connection with the sale of mattresses, beds, and mattress frames, among other products.

13.     Since at least 2011, Mattress Firm has used the trademark SLEEP HAPPY GUARANTEE (U.S. Registration No. 4,684,990) within the United States

in connection with the sale of mattresses, beds, and mattress frames, among other products.

14.     Since at least 2004, Mattress Firm has used the trademark MATTRESS FIRM RED CARPET DELIVERY SERVICE (U.S. Registration No. 3,008,804) within the United States in connection with its delivery services.

15.     Since at least 2010, Mattress Firm has used the trademark GUARANTEED HAPPY OR YOUR MONEY BACK 100 DAYS NO HIDDEN FEES (U.S. Registration No. 4,226,360) within the United States in connection with the sale of furniture, bed, and mattresses, among other products.

16.     Since at least 2010, Mattress Firm has used the trademark GUARANTEED WE BEAT ANY ADVERTISED PRICE BY 10% OR IT'S FREE (U.S. Registration No. 4,230,550) within the United States in connection with the sale of furniture, bed, and mattresses, among other products.

17.     Since at least 2010, Mattress Firm has used the trademark GUARANTEED RED CARPET DELIVERY 3 HOUR WINDOW OR IT'S FREE (U.S. Registration No. 4,292,832) within the United States in connection with the sale of furniture, bed, and mattresses, among other products.

18.     Since at least January 1, 2010, Mattress Firm has used the trademark SLEEP HAPPY OR YOUR MONEY BACK within the United States in

connection with the sale of mattresses, bed, and mattress frames, among other products.

19.    Since at least January 1, 2000, Mattress Firm has used the trademark OUR LOW PRICE GUARANTEE OR IT'S FREE within the United States in connection with the sale of mattresses, bed, and mattress frames, among other products.

20.    Since at least January 1, 2010, Mattress Firm has used the trademark RED CARPET DELIVERY within the United States in connection with its delivery services.

21.    Each of the trademarks mentioned in Paragraphs 11 through 20 (collectively, the "Mattress Firm Marks") is inherently distinctive.  In the alternative, the Mattress Firm Marks have acquired secondary meaning and have become distinctive through Mattress Firm's substantially exclusive and continuous use, widespread and significant promotion, and advertising of Mattress Firm's goods and services.

22.    Mattress Firm has been, and now is, extensively engaged in the business of retail sales of mattresses and sleep products in stores and on-line, and has marketed its products and services under the Mattress Firm Marks.  Mattress Firm has over 2,000 retail stores located in 38 states across the United States.

23.     Mattress Firm has used, and continues to use, the Mattress Firm Marks on its website, www.mattressfirm.com.

24.     On information and belief, Digi Craft was the owner and operator of the domain www.mattressquote.com.  In connection with this domain name, Digi Craft operated a business called "Mattress Quote" and was the owner of the trademark MATTRESSQUOTE.COM (U.S. Registration No. 3,949,618).

25.     On information and belief, Baxter was a manager and member of Digi Craft, until Digi Craft's dissolution.

26.     On information and belief, Baxter is now the owner and operator of the domain www.mattressquote.com.  In connection with this domain name, Baxter continues to operate the Mattress Quote business and is the current owner of the trademark MATTRESSQUOTE.COM (U.S. Registration No. 3,949,618).

27.     On information and belief, Defendants have taken various images and other content from Mattress Firm's website and placed such images and content on www.mattressquote.com.  By way of example, Mattress Firm's website displays a banner (the "Banner") that contains some of the Mattress Firm Marks.  In March 2015, Mattress Firm slightly altered the Banner to add the phrase "Red Carpet Delivery."   Sometime between May and August 2015, www.mattressquote.com was modified to add a nearly identical banner.  A visual comparison between the

Banner from Mattress Firm's website (in March 2015) and the banner that now

appears on www.mattressquote.com can be found below:



28.    Below the Banner on Mattress Firm's website are links under

the four headings of "Exclusive Offers," "About Mattress Firm," "Find a

Store!," and "Stay Connected."  This section of Mattress Firm's website can

be seen below:



29.    Mattress Quote's website contains an almost identical section to

Mattress Firm's.  To wit, when this section first appeared on

www.mattressquote.com, it read "About Mattress Firm."  An archived screenshot

of www.mattressquote.com is found below, with a red arrow identifying the copied "About Mattress Firm" heading.



30.     In December 2015, Mattress Firm sent a Cease and Desist letter to Baxter, demanding that Baxter cease his infringement of Mattress Firm's intellectual property.  Despite this letter, no infringing material has been removed from www.mattressquote.com.

**CLAIM I**

**TRADEMARK INFRINGEMENT OF REGISTERED MARKS UNDER THE LANHAM ACT**

31.     All preceding Paragraphs are incorporated herein as if set forth in full.

32.     Mattress Firm's use of the HAMPTON & RHODES, SLEEP HAPPY, SLEEP HAPPY GUARANTEE, GUARANTEED HAPPY OR YOUR MONEY BACK 100 DAYS NO HIDDEN FEES, GUARANTEED WE BEAT ANY ADVERTISED PRICE BY 10% OR IT'S FREE, GUARANTEED RED CARPET

DELIVERY 3 HOUR WINDOW OR IT'S FREE, and MATTRESS FIRM RED

CARPET DELIVERY SERVICE marks (collectively, the "Registered Mattress

Firm Marks") predates any use by Defendants.

33.    Defendants' unauthorized use of the Registered Mattress Firm Marks

is likely to cause confusion, mistake, or deception among consumers or potential

consumers as to the source or origin of the products and services offered by

Defendants, through Mattress Quote, and/or the approval of those products and

services by Mattress Firm.

34.    Defendants' unauthorized use of the Registered Mattress Firm Marks

is likely to cause confusion, mistake, or deception among consumers or potential

consumers as to the source or origin of Mattress Firm's products and services

and/or the approval of those products and services by Defendants.

35.    Defendants had constructive notice of the Registered Mattress Firm

Marks, including the U.S. federal trademarks granted to Mattress Firm and the U.S

federal trademark applications that existed prior to Defendants' use of the

Registered Mattress Firm Marks.

36.    On information and belief, Defendants had actual notice of the

Registered Mattress Firm Marks through their viewing and copying of images and

content of the Mattress Firm website, and due to Mattress Firm's Cease and Desist

letter.

37.     The aforesaid acts of Defendants constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38.     The acts of Defendants alleged above were committed willfully, with full knowledge of Mattress Firm's rights, and with the intention of deceiving and misleading the public and causing harm to Mattress Firm.

39.     As a direct and proximate result of Defendants' infringing and unlawful acts, Mattress Firm has suffered, and will continue to suffer, damages in an amount that is not presently ascertainable, but that will be established at trial.

40.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause Mattress Firm to suffer irreparable harm for which there is no adequate remedy at law.

## CLAIM TWO

## COMMON LAW TRADEMARK INFRINGEMENT

41.     All preceding Paragraphs are incorporated herein as if set forth in full.

42.     Mattress Firm is the exclusive owner of the Mattress Firm Marks, which are valid, enforceable, and eligible for protection.  Mattress Firm is the senior user of the Mattress Firm Marks.

43.     Without Mattress Firm's authorization, Defendants used, and continues to use, in commerce, a reproduction, counterfeit, copy, or colorable imitation of the Mattress Firm Marks on competitive, identical, or closely related

services and/or products, including in connection with the website www.mattressquote.com.

44.     Defendants' unauthorized use of the Mattress Firm Marks is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of the products and services offered by Defendants, through Mattress Quote, and/or the approval of those products and services by Mattress Firm.

45.     Defendant's unauthorized use of the Mattress Firm Marks is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Mattress Firm's products and services and/or the approval of those products and services by Defendants.

46.     Defendants had constructive notice of the Mattress Firm Marks, including the U.S. federal trademarks granted to Mattress Firm and the U.S federal trademark applications that existed prior to Defendants' use of the Mattress Firm Marks.

47.     On information and belief, Defendants had actual notice of the Mattress Firm Marks through their viewing and copying of images and content of the Mattress Firm website, and due to Mattress Firm's Cease and Desist letter.

48.     Defendants' activities and conduct therefore constitute common law trademark infringement under state law.

49.     On information and belief, Defendants have used the Mattress Firm Marks in commerce with the knowledge and intent that such use causes confusion, mistake, and deception to the purchasing public.

50.     On information and belief, Defendants' past and continued activities and conduct have been willful, deliberate, and knowingly and intentionally designed to trade upon the significant goodwill of the Mattress Firm Marks, to cause confusion or mistake, and to deceive the public.  In addition, on information and belief, Defendants have acted with malice and bad faith with a specific intent to cause substantial injury to Mattress Firm.  Accordingly, Mattress Firm is entitled to an award of exemplary damages, including attorneys' fees.

51.     Defendants' use in commerce of the Mattress Firm Marks has caused loss of goodwill and profits to Mattress Firm, has damaged the reputation of genuine products and services containing Mattress Firm Marks, and has injured the public by causing confusion, mistake and deception.

52.     Defendants' use in commerce of the Mattress Firm Marks has diminished Mattress Firm's ability to control what is sold under the Mattress Firm Marks.

The goodwill and reputation of Mattress Firm's business in connection with the Mattress Firm Marks is significant, and Mattress Firm will suffer irreparable injury should this Court allow Defendants' use to continue to the detriment of Mattress

Firm's trade reputation and goodwill.  Mattress Firm has no adequate remedy at law for Defendants' violations.  Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Mattress Firm seeks injunctive relief.

## CLAIM THREE

## FALSE DESIGNATION OF ORIGIN; FALSE DESCRIPTIONS OR REPRESENTATIONS UNDER THE LANHAM ACT

53.     All preceding Paragraphs are incorporated herein as if set forth in full.

54.     Mattress Firm is the exclusive owner of the Mattress Firm Marks. These marks are valid and protectable.  Defendants have used, and continue to use, the Mattress Firm Marks in commerce by using them on the website www.mattressquote.com.  Defendants did this without Mattress Firm's consent.

55.     Defendants' use of the Mattress Firm Marks in commerce, and without Mattress Firm's authorization, constitutes false designation of origin, false or misleading description of fact, and false or misleading representation of fact. Because Defendants have copied multiple portions of Mattress Firm's website, including portions containing the Mattress Firm Marks, consumers are likely to be confused, mistaken, or deceived as to the nature of the affiliation, connection, or association between Mattress Firm and Mattress Quote.  For the same reason, consumers are likely to be confused, mistaken, or deceived as to the origin,

sponsorship, or approval of Mattress Quote, or Mattress Quote's products and services, in violation of 15 U.S.C. § 1125(a).

56.     Defendants had constructive notice of the Mattress Firm Marks, including the U.S. federal trademarks granted to Mattress Firm and the U.S federal trademark applications that existed prior to Defendants' use of the Mattress Firm Marks.

57.     On information and belief, Defendants had actual notice of the Mattress Firm Marks through their viewing and copying of images and content of the Mattress Firm website, and due to Mattress Firm's Cease and Desist letter.

58.     Defendants' activities have harmed Mattress Firm.  Accordingly, Mattress Firm is entitled to recover its damages, Defendants' profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.  Because Defendants' activities have been willful, deliberate, and knowingly and intentionally designed to trade upon the goodwill of the Mattress Firm Marks to cause confusion, mistake, and to deceive the public, Mattress Firm is also entitled to treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

59.     Unless restrained by this Court, Defendants' actions will cause ongoing harm to Mattress Firm.  Mattress Firm has no control over the quality or production of any products or services of Mattress Quote.  Any deficiencies in the

products or services of Mattress Quote will reflect adversely on Mattress Firm, by whom customers will assume the products and services were manufactured, endorsed, or sponsored.  If Defendants are allowed to continue using the Mattress Firm Marks in connection with the managing of Mattress Quote, Mattress Firm will suffer irreparable injury to its reputation.  Mattress Firm has no adequate remedy at law.  Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, Mattress Firm seeks injunctive relief.

## CLAIM FOUR

## TRADEMARK COUNTERFEITING UNDER THE LANHAM ACT

60.    All preceding Paragraphs are incorporated herein as if set forth in full.

61.    Defendants' use of the Registered Mattress Firm Marks is a spurious designation that is identical with, and substantially indistinguishable from, Mattress Firm's use of the Registered Mattress Firm Marks for identical goods and services registered by Mattress Firm.

62.    Defendants' use of the Registered Mattress Firm Marks constituted direct counterfeiting of Mattress Firm's rights in and to its federal registered marks.

63.    Defendants have intentionally used the Registered Mattress Firm Marks knowing they are counterfeit marks, in connection with their sale of goods

and services related to mattresses, bedding, pillows, and other services identical, or similar to, those of Mattress Firm.

64.     Defendants' acts have been committed with the knowledge that such imitation is intended to cause confusion or mistake, or to deceive the consumer and the public.

65.     Defendants' acts herein were undertaken without Mattress Firm's permission, license or consent.

66.     The aforementioned activities of Defendants in using counterfeit Registered Mattress Firm Marks violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67.     As a result of Defendants' acts, Mattress Firm has suffered, and will continue to suffer, irreparable injury, which has no adequate remedy at law.

68.     Mattress Firm is entitled to an order enjoining Defendants from engaging in the foregoing acts as provided under 15 U.S.C. § 1116(a).

69.     Mattress Firm is entitled to three times the amount of Defendants' profits or Mattress Firm's own damages, together with reasonable attorneys' fees, as permitted by 15 U.S.C. § 1117.

## CLAIM FIVE

## COMMON LAW UNFAIR COMPETITION

70.     All preceding Paragraphs are incorporated herein as if set forth in full.

71.     The aforesaid acts of Defendants constitute unfair competition in violation of state law.

72.     The acts of Defendants alleged above were committed willfully, with full knowledge of Mattress Firm's rights, and with the intention of deceiving and misleading the public and causing harm to Mattress Firm.

73.     As a direct and proximate result of Defendants' infringing and unlawful acts, Mattress Firm has suffered, and will continue to suffer, damages in an amount that is not presently ascertainable, but that will be established at trial.

74.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause Mattress Firm to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Mattress Firm prays for a judgment in its favor and against Defendants as follows:

A.     That judgment be entered in favor of Mattress Firm and against Defendants as to each of the above counts;

B.     That Defendants be adjudged to have intentionally infringed and copied Mattress Firm's Mattress Firm Marks, that Defendants be adjudged to have falsely designated the origin of their goods and services, and that Defendants be

adjudged to have used counterfeit Mattress Firm Marks and, therefore, be required to pay, under applicable federal, state, and/or common law:

1. Mattress Firm's actual damages and any profits of Defendants resulting from said infringement, said false designation of origin and false representations, and said counterfeiting, including all profits received by Defendants from sales and revenues of any kind made as a result of their actions;

2. Three times the actual damages of Mattress Firm or profits of Defendants resulting from said infringement;

3. Mattress Firm's attorneys' fees;

4. Mattress Firm's costs and expenses; and

5. Pre-judgment and post-judgment interest;

C.     That  a preliminary and permanent injunction be issued pursuant to applicable federal, state, and/or common law, enjoining Defendants, their agents, employees, servants, attorneys, successors, and assigns, and all those controlled by, acting on behalf of, in privity with, or acting in concert or active participation with Defendants, from:

1.  Using (including, but not limited to, in connection with www.mattressquote.com) the Mattress Firm Marks, any colorable

imitation thereof, or any confusingly similar marks in their stores, advertising, website, and promotions;

2.   Doing any other act or thing likely to confuse, mislead or deceive others into believing that Mattress Quote, www.mattressquote.com, or Defendants, or any products or services connected therewith, are connected with, sponsored by, or approved by Mattress Firm; and

3.   Engaging in any other behavior or activity constituting unfair competition with Mattress Firm or constituting an infringement of Mattress Firm's rights in and to the Mattress Firm Marks;

D.   That Mattress Firm be permitted to conduct expedited discovery relating to the requested preliminary injunction;

E.   That Defendants be ordered to deliver up for destruction all products or other materials in their possession or control bearing any words, terms, names, symbols, devices, or any combination thereof, that simulate, reproduce, counterfeit, copy or colorably imitate the Mattress Firm Marks;

F.   An order directing Defendants to take corrective action to correct any erroneous impression the public may have derived from infringement, unfair competition, and counterfeiting concerning the source or origin of Defendants' products and services;

G.     Actual and exemplary damages;

H.     Reasonable and necessary attorneys' fees;

I.     All costs of suit; and

J.     An award of such other relief to Mattress Firm as the Court deems just

and equitable.


### DEMAND FOR JURY TRIAL

Mattress Firm hereby demands a trial by jury on all claims that may be tried

before a jury.

DATED:  July 29, 2016



Respectfully submitted,

HAYNES AND BOONE, LLP



By: /s/ Donald D. Jackson
    Donald D. Jackson
    Federal I.D. No. 17137
    Texas Bar No. 00787753
    1221 McKinney Street, Suite 2100
    Houston, Texas 77010
    Telephone:  713-547-2026
    Telecopier:  713-236-5645
    *donald.jackson@haynesboone.com*

**ATTORNEY IN CHARGE FOR
MATTRESS FIRM, INC.**

OF COUNSEL:

Mini Kapoor
Federal I.D. No. 1692359
Texas Bar No. 24080969
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: 713-547-2261
Telecopier: 713-236-5673
mini.kapoor@haynesboone.com

Kenneth G. Parker
California Bar No. 182911
Kimberly Chase
California Bar No. 253311
Christopher Maciel
California Bar No. 300733
Haynes and Boone, LLP
600 Anton Blvd., Suite 700
Costa Mesa, California 92626
Telephone:  949-202-3000
Telecopier:  949-202-3114
*kenneth.parker@haynesboone.com*
*kimberly.chase@haynesboone.com*
*chris.maciel@haynesboone.com*